UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

STACY PENNING,
Plaintiff,

v.

INSURANCEZEBRA, INC.,
Defendant.

Case No. 25-cv-03531-WHO

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE**

Re: Dkt. No. 26

Defendant's motion to dismiss the First Amended Complaint ("FAC") is GRANTED, with leave to amend.[1]

As defendant points out, Penning fails to allege exactly which tools he used on defendant's website in January 2025 and what information he disclosed.[2] *See generally* Motion to Dismiss [Dkt. No. 26]. There are different tools available on defendant's website. The parties agree that separate disclosures are made to users and different information is requested from users depending on which tool is invoked. Penning's lack of specificity in the FAC calls into question whether he (i) has plausibly alleged an injury sufficient for Article III standing, (ii) was on notice inquiry of defendant's Terms of Service and Privacy Policy, (iii) has plausibly alleged interception of "contents" protected under the Electronic Communications Privacy Act and the California Information Privacy Act, and (iv) is able to state a privacy claim under the California constitution.

The FAC is **DISMISSED** with leave to amend so that Penning can allege specific facts regarding what tool or tools he used on defendant's site and what information he entered on that

[1] This matter is appropriate for resolution without a hearing. Civ. L.R. 7-1(b). The November 19, 2025 hearing is VACATED. The Case Management Conference is continued until January 20, 2026.

[2] I assume that Penning is male, as plaintiff's lawyers refer to him in the FAC, despite their use of "she" in referring to Penning on page 25 of the opposition.

site. If and when amending, he should clarify what appear to be copied and pasted remnants from other cases he or his counsel may have filed. *See, e.g.*, FAC ¶ 29 (mentioning "Truist"); FAC ¶ 166 (referring to expectation of privacy based on California Civil Code § 53.5); FAC ¶ 170 (referring to "protected healthcare information"). He should also add facts to plausibly support that he is a "consumer" protected by and defendant is a "financial institution" covered by the Gramm-Leach-Bliley and California Financial Information Privacy Acts, as well as facts to plausibly support that his interaction with defendant's site is an "insurance transaction" under the California Insurance Information and Privacy Protection Act.

If Penning chooses to amend, he shall file his Second Amended Complaint within twenty days of the date of this Order.

**IT IS SO ORDERED.**

Dated: November 17, 2025

William H. Orrick
United States District Judge

United States District Court
Northern District of California